# KELLOGG FOOD COMPANY *v.* KELLOGG TOASTED CORN FLAKE COMPANY.

# KELLOGG FOOD COMPANY *v.* KELLOGG TOASTED CORN FLAKE COMPANY.

---

Trademarks; Opposer's Interest; Corporate Names; Disclaimer.

1. In a trademark proceeding in which the applicant, the Kellogg Toasted Corn Flake Company, sought to register the word "Kellogg," as applied to cereal breakfast foods, and the opposers, the Kellogg Food Company and John H. Kellogg, in their notice of opposition, stated, among other things, that the name for thirty years had been identified with the products of opposers, including breakfast foods, and set forth a sales agreement made about ten years before by which John H. Kellogg sold to the applicant's predecessor the exclusive right to manufacture and sell "toasted corn flakes" and "toasted corn flake biscuits," but did not part with the right to use the name in connection with any other cereal foods; and in a motion to dismiss the oppositions there was contained an averment indicating that the applicant understood that the right to register an essential part of the corporate name of one of the opposers was being challenged,—it was *held*, reversing a decision of the Commissioner sustaining the motion to dismiss, (1) that there was a sufficient averment of interest on the part of the opposers (following *Natural Food Co.* v. *Williams*, 30 App. D. C. 348, and *Electro Steel Co.* v. *Lindenberg Steel Co.* 43 App. D. C. 270); and (2) the applicants had no right to the registration of the corporate name. (Distinguishing *Rockwood Pottery Co.* v. *A. Wilhelm Co.* 43 App. D. C. 1.)

2. Where, upon opposition being made to the registration as a trademark of the words "Kellogg's Toasted Rice Bubbles" on the ground of

prior use, the applicant filed a disclaimer to the first three words "apart from the mark shown in the drawing," and the interest of the opposer in the proceeding was shown, it was *held* that the opposition should be sustained. (Following *Nairn Linoleum Co.* v. *Ringwalt Linoleum Works, ante,* 64, and *O. & W. Thum Co.* v. *Dickinson, ante,* 306.)

Nos. 1110 and 1111. Patent Appeals. Submitted May 17, 1917. Decided June 2, 1917.

HEARING on appeals by the opposers in two trademark opposition proceedings from decisions of the Commissioner of Patents sustaining motions to dismiss the oppositions. *Reversed.*

The facts are stated in the opinion.

*Mr. F. L. Chappell* and *Mr. Otis A. Earl* for the appellants.

*Mr. W. H. C. Clarke, Mr. J. H. Brickenstein, Mr. C. H. Potter,* and *Mr. W. H. C. Clarke* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

These are appeals by the opposers, the Kellogg Food Company and John H. Kellogg, in trademark opposition proceedings from decisions of the Patent Office tribunals sustaining the motions to dismiss the oppositions.

The first opposition involves the word "Kellogg's," which the applicant seeks to register. In the notice of opposition it is set forth that the Kellogg Food Company and its predecessors for many years have been engaged in the manufacture and sale of foods and food ingredients at Battle Creek, Michigan, the home of the applicant, and that John H. Kellogg for more than thirty years has devoted a large amount of time to the production of foods and beverages, particularly nut and cereal foods and cereal beverages; that the products of the opposers, including breakfast foods, "have become known throughout the civilized world as 'Kellogg Food Company,' 'Kellogg Sanitarium,' 'Dr. Kellogg,' and 'Kellogg's Foods,' and are all identified as

opposers' products; " that in about the year 1906 said John H. Kellogg sold to the applicant's predecessor the exclusive right within the United States to manufacture, sell, and deal in "Toasted Corn Flakes" and "Toasted Corn Flake Biscuit," but did not part with the right to use the name "Kellogg's" in connection with any other cereal foods; that thereafter litigation arose which was terminated by an agreement, a copy of which was attached to the notice of opposition. Under the terms of that agreement opposers agreed not to use the word "Kellogg's" "as a part of the name or title or designating words of *flaked cereal food,* made or sold by them, or either of them. Flaked cereal food to include biscuits made from flaked cereals." This restriction was to apply to the United States only. It thus appears that the agreement is in accord with the averment in the notice of opposition that the sale to applicant's predecessor was limited to flaked cereal food.

In applicant's motion to dismiss it is averred that neither of the opposers shows any right whatever to the name "Kellogg" or "Kellogg's." The Examiner of Interferences ruled, first, that there was no sufficient averment of interest on the part of the opposers, and, second, that the notice of opposition did not raise the question as to the right of applicant to register *its* corporate name. Both of these rulings were challenged before the Assistant Commissioner, but he sustained the decision of the Examiner.

Both grounds of the opposition should have been sustained. It is clearly averred that the opposers' products of the same general descriptive properties were known as "Kellogg's" foods before applicant's entry into the field, and the agreement to which applicant was a party inferentially recognizes opposers' interest in the name. *Natural Food Co.* v. *Williams,* 30 App. D. C. 348; *Electro Steel Co.* v. *Lindenberg Steel Co.* 43 App. D. C. 270. As to the second ground, it is apparent from the averment of the motion to dismiss that applicant understood that the right to register an essential part of the *name of the opposers* was being challenged, and it further appears that the question was pressed before both tribunals. The decision in *Rockwood*

*Pottery Co.* v. *A. Whilhelm Co.* 43 App. D. C. 1, therefore, does not apply. In that case it was held merely that such a question could not be raised for the first time in this court. The statute clearly prohibits such a registration. *Asbestone Co.* v. *Philip Carey Mfg. Co.* 41 App. D. C. 507; *Mansfield Tire & Rubber Co.* v. *Ford Motor Co.* 44 App. D. C. 205; *Re United Drug Co.* 44 App. D. C. 209; *D. H. Burrell & Co.* v. *Simplex Electric Heating Co.* 44 App. D. C. 452.

The second opposition involves the proposed registration of the words, "Kellogg's Toasted Rice Bubbles," the use of which, it is alleged, commenced in 1915. In addition to the averments in the prior opposition, opposers allege the manufacture and sale for many years of rice products in various forms, known as cereal breakfast foods. Applicant filed a disclaimer to the words "Kellogg's," "Toasted," and "Rice," "apart from the mark shown in the drawing." Opposers' interest appearing, it is necessary merely to refer to our recent decisions in *Nairn Linoleum Co.* v. *Ringwall Linoleum Co. ante,* 64, and *O. & W. Thum Co.* v. *Dickinson, ante,* 306, present term.

The decision in each case is reversed and the opposition sustained.                          *Reversed.*

Mr. Chief Justice COVINGTON, of the Supreme Court of the District of Columbia, sat with the Court in the hearing and determination of this appeal in the place of Mr. Chief Justice SHEPARD.